654     Matter of Ermann.

Surrogate's Court, New York County, February, 1918.   [Vol. 102.

Matter of the Estate of Pauline Ermann, Deceased.

(Surrogate's Court, New York County, February, 1918.)

**Transfer tax — power of state comptroller to commence proceedings to compel payment of — statutes — surrogates.**

> The state comptroller is vested by statute with the exclusive power to commence proceedings to compel payment of a transfer tax.

> Where decedent at her death had in a safe deposit box in Berlin, Germany, securities of great value, the surrogate, though the executor alleges he had been and will be unable to obtain possession of them until after the war now existing between the United States and the Empire of Germany, has no authority to grant an order postponing the collection of the transfer tax upon the estate until that time.

Application by executor of decedent's estate for an order postponing collection of transfer tax, without penalty, upon certain securities mentioned in the petition.

M. H. Winkler, for executor.

Lafayette B. Gleason, for state comptroller.

Fowler, S. This is an application by the executor of decedent's estate for an order postponing the collection of the transfer tax, without penalty, upon certain securities mentioned in the petition.

The decedent died November 21, 1916. At the time of her death she had on deposit in a safe deposit box in Berlin, Germany, certain securities having a value of approximately $200,000, and the executor alleges that he has been unable to obtain possession of those securities and will be unable to get possession of them until

after the termination of the state of war now existing between the United States and the Empire of Germany. A transfer tax of $3,934 has been assessed upon the interests of the legatees in the estate.

The power of the surrogate in relation to the assessment and collection of taxes imposed upon the transfer of property is derived exclusively from the tax statute. There is no provision in that statute which authorizes the surrogate to postpone 'the collection of a tax that has been duly imposed. He may remit the penalty for non-payment of the tax from ten per cent to six per cent per annum, but he has no power to direct that a tax which has been duly assessed and remains unpaid for more than eighteen months after the death of a decedent shall not bear interest. The state comptroller is given the exclusive power under the statute to commence proceedings to compel payment of the tax, and the surrogate has no authority to interfere with the enforcement of such payment by the comptroller. The application is therefore denied.

Application denied.